United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2004**

Charles R. Fulbruge III
Clerk

**REVISED OCTOBER 21, 2004**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 03-11234

_____

COMPASS BANK,

Plaintiff - Appellant,

versus

KING, GRIFFIN & ADAMSON P.C.;
LAWRENCE D. KING,

Defendants - Appellees,

_____

Appeal from the United States District Court
For the Northen District of Texas
(No. 3-01-CV-2028-N)

_____

Before DeMOSS, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:

Compass Bank appeals the dismissal of its complaint against King, Griffin & Adamson, P.C.

and Lawrence King. It also moves this Court to certify the following question to the Texas Supreme

Court: whether Texas uses an actual knowledge test or a foreseeability requirement for negligent

misrepresentation claims against accountants. *Compare* RESTATEMENT (SECOND) OF TORTS § 522

(1977) (requiring actual knowledge), *with Blue Bell v. Peat, Marwick, Mitchell & Co.*, 715 S.W.2d

408 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) (requiring foreseeability). While certifying the question would be "determinative" in the sense that it would resolve the case, "we do not use certification as a panacea for resolution of those complex or difficult state law questions which have not been answered by the highest court of the state." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 487 (5th Cir. 2003) (quoting *Free v. Abbott Labs, Inc.*, 164 F.3d 270, 274 (5th Cir. 1999)). In light of the recent decision in *Tara Capital Partners I, L.P. v. Deloitte & Touche, L.L.P.*, No. 05-03-00746-CV, 2004 WL 1119947 (Tex. App.—Dallas May 20, 2004), and the cogent and sound arguments of the district court, *Compass Bank v. King Griffin & Adamson P.C.*, 2003 WL 22077721, at *2–4 (N.D. Tex. 2003), we are persuaded that the Restatement's actual knowledge standard applies to accountants in Texas. As a consequence, we deny the motion for certification.[1]

For those same reasons, the decision of the district court is AFFIRMED.

---

[1] The dissent argues that this question should be certified to the Supreme Court because there is not "sufficient controlling guidance from the Texas Supreme Court in *McCamish*." __ F.3d __ (5th Cir. 2004) (DeMoss, J., dissenting). However, the Texas Supreme Court has adopted the Restatement for torts of negligent misrepresentation *in toto*. *See Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). If that court had fashioned exceptions to the Restatement for different professions, we might be persuaded that there is an open question in this case. It has not done so. Without a clear line of Texas appellate court holdings to the contrary, there is no reason to think that the Texas Supreme Court would deviate from its well-established rule and therefore no reason to certify the question to that court.

DeMOSS, Circuit Judge, dissenting:

I respectfully dissent from the denial of Compass Bank's motion to certify the question of whether Texas uses an actual knowledge test or a foreseeability test for negligent misrepresentation claims against accountants. The Texas Supreme Court in *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787 (Tex. 1999), held that attorneys could be subject to a negligent misrepresentation claim under Section 552 of the Restatement (Second) of Torts with no requirement of privity. *Id.* at 795. The court stated that "a section 552 cause of action is available only when information is transferred by an attorney to a known party for a known purpose." *Id.* at 794. Thus, the court applied the actual knowledge test to attorney negligent misrepresentation cases.

The main case which Compass Bank relies on for its assertion that foreseeability is the proper standard to use for accountant negligent misrepresentation cases, *Blue Bell v. Peat, Marwick, Mitchell & Co.*, 715 S.W.2d 408, 412 (Tex. App.–Dallas 1986, writ ref'd n.r.e.), strongly approved of a limited foreseeability test for accountants:

> To allow liability to turn on the fortuitous occurrence
> that the accountant's client specifically mentions a
> person or class of persons who are to receive the
> reports, when the accountant may have that same knowledge

as a matter of business practice, is too tenuous a distinction for us to adopt as a rule of law. Instead, we hold that if . . . an accountant preparing audited financial statements knows *or should know* that such statements will be relied upon by a limited class of persons, the accountant may be liable for injuries to members of that class relying on his certification of the audited reports.

*Id.* at 412. This Court has also previously acknowledged that **Blue Bell**'s holding indicates that "Texas law is indeed less restrictive than the Restatement." **Scottish Heritable Trust, PLC v. Peat Marwick Main & Co.**, 81 F.3d 606, 614 (5th Cir. 1996) (noting "*actual* knowledge of a particular plaintiff . . . is not necessary if the defendant [accountant] should have had this knowledge"). [2]

However, as sure as the majority feels the Texas Supreme Court would apply the more restrictive actual knowledge standard to accountants, I note that at least one federal district court has gone the other way. **In re Enron Corp. Sec., Derivative & ERISA Litig.**, 284 F. Supp. 2d 511, 646 (S.D. Tex. 2003) ("Texas courts

---

[2]I acknowledge that in an unpublished opinion, the same appeals court that decided **Blue Bell** has now cited **McCamish** and applied an actual knowledge standard in the context of a negligent misrepresentation claim against accountants. **Tara Capital Partners I, L.P. v. Deloitte & Touche, L.L.P.**, No. 05-03-00746-CV, 2004 WL 1119947, at *2-3 (Tex. App.–Dallas May 20, 2004) (unpublished). I think **Tara Capital** is a very weak reed for the majority to rely upon.

4

have expanded the parameters of the tort of negligent misrepresentation in § 552 to include not only those that the defendant actually knows will receive the misrepresentation, but to those the accountant should know will receive it.") (citing *Blue Bell*, 715 S.W.2d at 411-13).

Because this Court has the sound discretion to certify questions, *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 487 (5th Cir. 2003), and in my judgment there is not sufficient controlling guidance from the Texas Supreme Court in *McCamish*, I would certify this question. In my view, certifying the question to a state supreme court is a preferable course of action to our trying to make an *Erie* guess as to the question of state law involved.